UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH ROMERO, a/k/a<br>JOSE ROMERO,<br><br>　　　　　Defendant. | CR. 17-50164-01-JLV<br><br>ORDER |

**INTRODUCTION**

　　A grand jury indicted defendant Joseph Romero on one count of conspiring to distribute more than 500 grams of methamphetamine. (Docket 1). Defendant was brought into federal custody by a writ of habeas corpus ad prosequendum on October 31, 2017. (Docket 10). United States Magistrate Judge Daneta Wollmann ordered defendant detained on November 1. (Docket 14).

　　Since that date, trial has been delayed by pretrial motions and continuances. Defendant filed a motion for a bill of particulars and a motion to suppress. (Dockets 26, 52 & 57). After defendant's motions were resolved, co-defendant Robert Cook moved for a continuance, which was granted, and then filed his own suppression motion. (Dockets 93, 95, 96, 111 & 112). On August 19, 2019, after co-defendant Cook's suppression motion was resolved and he

pled guilty, the court issued a new scheduling order pertaining solely to defendant. (Docket 154). Trial was set for September 17. Id. The government now moves to continue the trial to allow it time to secure necessary witnesses. (Docket 155) Defendant opposes the motion. (Docket 156). The court grants the motion.

## DISCUSSION

### I. Legal Standards

"A witness is 'essential' if he is 'unquestionably important' to the case and the government has a 'good faith belief that it will use that witness's testimony at trial." United States v. Porchay, 651 F.3d 930, 939 (8th Cir. 2011) (citing United States v. Eagle Hawk, 815 F.2d 1213, 1218 (8th Cir. 1987). "A witness is 'unavailable' whenever 'his whereabouts are known but his presence for trial cannot be obtained by due diligence.' " Id. (citing 18 U.S.C. § 3161(h)(3)(B)). "While 'essential witness' is not defined, the Eighth Circuit has relied on the Senate Judiciary Committee report accompanying the Speedy Trial Act bill defining essential witness as 'a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice.' " United States v. Rupp, No. CR18-15, 2019 WL 93272, at *15 (N.D. Iowa Jan. 3, 2019) (citing Eagle Hawk, 815 F.2d at 1218; citation to the Congressional Record omitted).

### II. Analysis

The government asserts trial of this matter will require testimony by coconspirators currently in the custody of the Bureau of Prisons ("BOP"). (Docket 155 at p. 1). It further asserts these incarcerated coconspirators are

essential witnesses because "their anticipated testimony will show the scope and nature of the defendant's actions related to the charge in the Indictment against him." Id. at p. 2. Without these witnesses, the government argues "a miscarriage of justice could occur[.]" Id. The government believes it could take up to 45 days for BOP to produce the witnesses. Id. at p. 1. It asks the court to continue the trial and set it for a date certain. Id. at p. 2.

In response, defendant asserts he has been incarcerated awaiting trial for approximately two years and that he did not consent to co-defendant Cook's continuance or suppression motions. (Docket 156 at p. 1). Providing only a string citation to out-of-circuit cases, he cursorily argues his pretrial detention violates the Fifth Amendment. Id. Defendant further contends "it is not unreasonable to expect adequate preparation for trial" within the time permitted by the Speedy Trial Act. Id. at p. 2. Defendant does not dispute the incarcerated coconspirators are essential government witnesses.

The court finds the incarcerated coconspirators are essential government witnesses because they "are crucial to the prosecution of this matter[,]" an assertion conceded by the defense. (Docket 158 at p. 2). The court further finds they are currently unavailable, as their "whereabouts are known but [their] presence for trial cannot be obtained by due diligence[,]" given the time it takes for BOP to produce incarcerated witnesses. 18 U.S.C. § 3161(h)(3)(B). Accordingly, the court will grant the government's motion for a continuance.[1]

---

[1]If defendant believes his pretrial incarceration violated the Speedy Trial Act or his constitutional rights, the proper vehicle to raise his claim is in a motion to dismiss the indictment citing governing case law, not in an objection to a government motion to continue.

The period of delay resulting from the continuance of this trial is excluded in computing the time within which the trial must commence under the Speedy Trial Act. Id. at § 3161(h)(3)(A). The court also concludes the time from the date of this order through the new date for trial is excluded because the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A).

**ORDER**

For the reasons given above, it is

ORDERED that the government's motion for a continuance (Docket 155) is granted.

IT IS FURTHER ORDERED that the following deadlines apply:

| | |
|---|---|
| Applications for Writ of Habeas Corpus Ad Testificandum | October 4, 2019 |
| Other motions/continuance motions | October 4, 2019 |
| Responses to motions due | Within seven days after motion is filed |
| Produce all records, recordings and reports associated with Fed. R. Evid. 412, 413 and 415 and experts under Rule 702 | October 4, 2019 |
| Subpoenas for trial | October 11, 2019 |
| Plea agreement or petition to plead and statement of factual basis | October 11, 2019 |
| Notify court of status of case and file a joint notice of speedy trial calculation | October 11, 2019 |
| Motions *in limine* | October 11, 2019 |
| Proposed jury instructions due | October 11, 2019 |

| File Daubert[2] challenges to experts | October 11, 2019 |
|---|---|
| Response to motions *in limine* and proposed jury instructions due | October 16, 2019 |
| Daubert hearing, if needed | Friday, October 25, 2019 at 9 a.m. |
| Pretrial conference | Friday, October 25, 2019 at 9 a.m. |
| Jury Trial[3] | Tuesday, October 29, 2019 at 9 a.m. |

IT IS FURTHER ORDERED that no continuances will be granted without a showing of exceptional circumstances.

The parties are instructed that:

1. Proposed jury instructions with citations to authority shall be filed by **October 11, 2019**. Submit only substantive instructions pertaining to the law of the case; do not submit standard or boilerplate instructions. Proposed instructions shall be numbered and shall contain a table of contents.

2. The court will provide to the parties by e-mail the proposed preliminary jury instructions prior to the pretrial conference. Any objections to the proposed preliminary instructions shall be raised during the pretrial conference.

3. Counsel shall provide to the Clerk of Court but not file exhibit and witness lists by **noon the Friday prior to the pretrial conference**. These lists will not be disclosed to the opposing party.

4. By **noon the Friday prior to the pretrial conference** counsel shall provide to the court copies of exhibits to be introduced at trial.

5. Counsel shall contact the Clerk of Court five (5) business days prior to trial for instruction on the use of courtroom technology, if needed.

6. Counsel may make a motion requesting a copy of the jury list five (5) days in advance of an upcoming trial.

---

[2] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993).

[3] This is a backup trial to United States v. Rowland; CR. 16-50138.

5

All other provisions of the court's scheduling and case management order (Docket 50) remain in effect unless specifically changed.

Dated August 30, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE